| MOAN BERNARD ARMSTRONG, Judge.
This is a child neglect/abuse proceeding. Two children, J.B.I and J.B.II,[1] are living in state-sponsored foster care. They were removed from the home of their biological father and their stepmother due to neglect/abuse. The trial court held a hearing on a “re-unification plan” proposed by the Office of Community Services. Under the proposed plan, the two children would be returned to the home of their biological father and their stepmother with various types of OCS supervision which would last for some time. The trial court rejected the re-unification plan. The biological father and the stepmother appeal the trial court’s rejection of the re-unification plan. The attorney for the two children and the attorney for the foster parents have filed briefs in support of the trial court’s decision. Because we find no procedural error and because we find that the trial court was not clearly wrong-manifestly erroneous, we affirm.[2]
1 ¿The appellants’ first argument on appeal is procedural. They argue that, in its ruling, the trial court relied upon facts not in evidence. In particular, they argue that the trial court improperly relied upon written reports of the condition of the children at the time that they were removed from the appellants’ home. They point out that, when oral testimony was offered as to the condition of the children at the time they were removed from the appellants’ home, the appellants objected upon grounds of relevance, and the objection was sustained. Thus, they argue, they believed that the trial court was not going to consider evidence as to the condition of the children at the time they were removed from the appellants’ home. However, immediately after sustaining the appellants’ objection, the trial court went on to say: “I have already read the reports.” Thus, it appears that the trial court was not ruling that all evidence of the condition of the children at the time they were removed from the appellants’ home was irrelevant (and surely such evidence is relevant) but, rather, that the trial court did not need oral testimony on that subject because it had already read written reports on it. Further, the written reports that the trial court was referring to were the September 5, 2001 OCS letter (with attachments) to the trial court, written by OCS employee Deborah Johnson-Winfield, which was introduced into evidence without objection and which states in part:
“multiple bruises to [J.B.I]. [J.B.I] had purple, yellow and blue bruising to his head, temples, lacerations to the forehead and two (2) black eyes. Child also had bruising up and down his torso and unexplained marks to his genitals. [J.B.II] was observed to have bruising to mouth and torso.”
*375 liiThus, the trial court did not rely upon facts outside of the record.
The appellants’ second argument on appeal is that there was no reasonable basis for the trial court’s judgment and that it is manifestly wrong. The appellants rely principally upon the testimony of family counselor Catherine Perry who testified that she was responsible for a number of supervised visits of the appellants and the children, that she had worked with the children’s stepmother on anger management and that there would be certain OCS supervision for some time if the children were returned to the appellants’ home. However, there were a number of significant limitations upon Ms. Perry’s testimony. She had never visited the appellants’ home. She had never received or asked about any medical or psychiatric history of the appellants. She had never spoken to the OCS investigator who documented the abuse of the children. She did not review the OCS file about the abuse of the children. She made no evaluation of the development of the children and evaluated only the parenting skills of the appellants.
The appellants also rely upon the testimony of a friend of the stepmother whose children were sometimes babysat by the stepmother. She testified that her children were not harmed by the stepmother. However, she knew nothing first-hand about the abuse of the children.
Also, OCS employee Deborah Johnson-Winfield testified as to her letter to the Court detailing the OCS’ findings of abuse and neglect. She also testified that there were pending criminal charges against the appellants.
Considering the evidence as a whole, we cannot say that the trial court was clearly wrongly-manifestly erroneous in its finding that the children should not be [ ¿returned to the appellants’ home. Therefore, the judgment of the trial court is affirmed.

AFFIRMED.

. In the caption as well as in the body of this opinion we have substituted initials for the names of the minor children involved to protect their privacy.

. A third child, D.W., the biological child of the stepmother, also was removed from the appellants’ home. As to that child, the trial court did approve a re-unification plan, and there has been no appeal as to that decision of the trial court.